## Gehringer's Estate.

*Fiduciaries Act—Exemption of $500—Rights of adult and minor children—Act of June 7, 1917.*

1. Under section 12 (a) and (e) of the Fiduciaries Act of June 7, 1917, P. L. 447, an adult child of decedent, forming part of his family, and a minor child are entitled each to his *pro rata* interest in the exemption of $500.

2. Even where the application is made by the executor or administrator to set aside the exemption in favor of the minor, the minor is entitled only to such part of the $500 as, taken with the interest of the other children forming part of the family of the decedent at the time of his death, makes the total sum.

3. The word "children" as used in this section of the act indicates relationship as distinguished from age.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1927, No. 14.

Decedent was a widower with three sons, of whom Charles was married and lived away from home; George, an adult, and Theodore, a minor, unmarried, lived with decedent and made their home with with him as part of his family. The whole exemption was claimed by the administrator for the benefit of Theodore to the exclusion of George.

The Auditing Judge, VAN DUSEN, J., said in his adjudication: "The exemption is intended for immediate family necessities, which do not depend on age. I . . . accordingly award the $500 exemption equally to George and Theodore, the share of the latter to be paid to his guardian, George Gehringer."

*G. E. Letchworth, Jr.,* for exceptions.

LAMORELLE, P. J., March 14, 1928.—What is said by the present Chief Justice in Miles's Estate, 272 Pa. 329, 339, "and when the statute under consideration is a general revision, 'the law as therein written will be deemed to be the same as it stood prior to the revision, unless we find from the statute

itself, or its history, a clear intention to change it:' In re Lis's Estate, 139 N. W. Repr. 300, 302, and cases there cited; see, also, authorities in 36 Cyc., 1223," is applicable with like effect to the instant case. This opinion contains an elaborate exposition of the Intestate Act of June 7, 1917, P. L. 429, and two seemingly contradictory sections are harmonized in such a way as to show that, notwithstanding the wording of section 10, there was no intention to allow second cousins to participate in the distribution of an intestate's estate where first cousins were alive. By analogy, the reasoning and the conclusions apply, as hereinbefore stated, to the present case.

Here we have a decedent dying, survived by three children, two of whom formed part of his household at the time of his decease; one a minor and the other of age. Exemption was claimed by the administrator for the benefit of the minor alone, the adult being ignored. The Auditing Judge, after citing and discussing section 12 (a) and (e) of the Fiduciaries Act of June 7, 1917, P. L. 447, awarded $500, one-half to the adult and the other one-half to the guardian of the minor.

The administrator filed exceptions to this ruling, and thus the matter comes before the court in banc.

Prior to the passing of the Fiduciaries Act of 1917, the law was well settled. Filemyr's Estate, 17 Dist. R. 880, is directly in point; the facts are on all fours. An adult daughter and a minor daughter lived with the decedent at the time of death. The exemption ($300 at that time) was awarded equally to the two children.

Section 12 (a) of Fiduciaries Act of 1917, so far as applicable to the facts in the instant case, provides as follows: "The widow, if any, or, if there be no widow or if she has forfeited her rights, then the children forming part of the family of any decedent dying, testate or intestate, within this Commonwealth, or dying outside this Commonwealth, but whose estate is settled in this Commonwealth, may retain or claim either real or personal property, or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars. . . ."

The word "children" is used in the sense of relationship (see Lane's Estate, 6 Dist. R. 618; Hoffman's Estate, 11 Dist. R. 551), rather than as relating to age.

Section 12 (e) reads: "In the case of any decedent leaving to survive him any minor child or children forming part of his family, and no widow, his administrator or executor, without request made to him by any one, shall have appraised and set aside, for the use and benefit of all such minor children of said decedent, property to the full value of five hundred dollars."

Standing alone and because of the wording "property to the full value of five hundred dollars," it would exclude the adult child. It must, however, be read in connection with section 12 (a), in which circumstances not $500, but such part alone thereof as makes up the total exemption is to be set apart for the minor. The widow or children who have attained their majority must act of their own accord; failing to act, no duty devolves on the executor or administrator. When, however, the rights of minors are concerned, a duty is imposed upon the fiduciary; with him is the laboring oar, and this for obvious reasons; and what he is called upon to claim is the minor's share of the $500. In the present case, acting upon a mistaken interpretation of section 12 (e), and despite the fact that there was a guardian, he claimed everything.

All exceptions are dismissed, and the adjudication is confirmed absolutely.

VAN DUSEN, J., did not sit.